[Civ. No. 1583. First Appellate District.—January 15, 1916.]

## E. T. B. MILLS, Appellant, v. GEORGE A. MOORE & CO., Respondent.

Contract—Agency for Sale of Grain Bags—Recovery of Commissions—Performance of Agreements—Sufficiency of Evidence.— In this action to recover certain commissions alleged by the plaintiff to be due him from the defendant under certain oral contracts, by which the latter agreed to constitute the former its agent for the sale of grain bags, it is held that the trial court did not abuse its discretion in setting aside its decision in favor of the plaintiff and granting the defendant a new trial, in view of the infirmities of the proof and of the entire evidence as to whether the plaintiff had sufficiently performed his part of the agreements as to keeping the defendant informed as to the conditions and doings of the market in grain bags, and to furnish defendant with confidential information, which plaintiff was not to furnish other persons in the same line of business, and to inform defendant of the prices at which bags were offered and quoted to plaintiff in order to give the defendant the first opportunity to sell and to give said defendant the preference in all sales.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Adolphus E. Graupner, Judge.

The facts are stated in the opinion of the court.

Samuel T. Bush, and Barnett Lyon, for Appellant.

Denman & Arnold, for Respondent.

RICHARDS, J.—This is an appeal from an order granting the defendant's motion for a new trial.

The action was brought to recover judgment for certain commissions alleged by the plaintiff to be due him from the defendant under certain oral contracts, by which the defendant agreed to constitute the plaintiff its agent for the sale of grain bags. The issues presented by the pleadings related to the time these contracts were entered into and their terms, but the chief question presented at the trial and upon the motion for a new trial was as to whether plaintiff had sufficiently performed his part of these agreements so as to be

entitled to recover his commissions. Upon this issue the findings of the trial court were in favor of the plaintiff, but these were assailed upon the motion for a new trial as not sufficiently supported by the evidence in the case, and in granting the motion for a new trial the court evidently adopted this change of view.

We are unable to say that the court was in error in so doing. The first oral agreement, which the court found the parties to have entered into in February, 1910, and which was modified in certain other respects by the second oral agreement of April, 1911, provided that the plaintiff was to keep the defendant informed as to the conditions and doings of the market in grain bags, and to furnish defendant with confidential information which plaintiff was not to furnish other persons in the same line of business, and to inform defendant of the prices at which bags were offered and quoted to plaintiff in order to give the defendant the first opportunity to sell and to give said defendant the preference in all sales. The plaintiff relied upon his own testimony as showing that these provisions of his contracts had been complied with. A reading of the plaintiff's testimony upon the extent of his performance of these portions of his agreements will show that the trial court might well have entertained grave doubt as to the sufficiency of this evidence upon the maturer consideration of it which the motion for a new trial afforded. For example, the plaintiff testifies: "I agreed to post him on the market at all times and give him an opportunity to make sales, and I did so *when I thought it was a case he could meet.*" And again, "If I thought he could fill them, if he was in position, I would bring him offers; it all rested with me. He was glad to take what I gave him." And yet again, "I could not say whether I gave him every bid; I gave him a chance at every trade *where I thought he could fill it.*"

In the light of the evident infirmities of this proof and of the entire evidence in the case, we think the trial court did not abuse its discretion in setting aside its former decision and in granting the defendant a new trial.

This view renders unnecessary a consideration of the other points presented upon this appeal.

The order is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.